IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

BRUCE R. MCCARSON, )
)
      Plaintiff, )
)
v. ) No. _____
)
TAKEDA PHARMACEUTICALS )
NORTH AMERICA, INC., ) TRIAL BY JURY DEMANDED
) EQUITABLE RELIEF SOUGHT
      Defendant. )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, BRUCE R. MCCARSON, and for his causes of action against the Defendant, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., states as follows:

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the terms of 28 U.S.C., §§1331, 1337, and 1343, and 29 U.S.C. §626.

2. The venue of this Court is appropriate by virtue of 28 U.S.C. §1391(b), because, BRUCE MCCARSON (herein PLAINTIFF) resides in the Peoria Division of the Central District of Illinois, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., (herein DEFENDANT) is engaged in business activities within the Peoria Division of the Central District of this Court and the claims arising in this matter occurred within the Central District of this Court.

## PARTIES

3. PLAINTIFF is a resident of Woodford County, Illinois. PLAINIFF'S date of birth is May 20, 1960. He was hired by DEFENDANT on or about August 2000 and was employed until his termination on or about August 3, 2007.

4. DEFENDANT is a Delaware corporation doing business in the state of Illinois. DEFENDANT is and has been at all times material herein, an employer within meaning of 29 U.S.C. §639(b).

5. At all times material herein, DEFENDANT has been engaged in commerce and is an enterprise affecting commerce within the Central District of Illinois.

6. Within the time prescribed by law, PLAINITFF filed with the Equal Employment Opportunity Commission a charge of age discrimination and retaliation against DEFENDANT and has fulfilled all administrative requirements prior to filing this Complaint.

## AGE DISCRIMINATION and RETALIATION IN VIOLATION OF THE ADEA

7. Throughout his employment, PLAINTIFF regularly received work evaluations that rated him as "fully meets expectations" or "exceeds expectations."

8. In 2006, a supervisor who is substantially younger than PLAINTIFF, was assigned to PLAINTIFF'S sales team. This supervisor repeatedly made hostile statements to him about his age; among other things she referred to him as "old fashioned" and "old school" and made other age related comments as well.

9. Thereafter, PLAINTIFF was intentionally and discriminatorily subjected to adverse terms and conditions of employment to which younger similarly situated employees were not subjected. Examples of the disparate treatment included but was not limited to, excessive

surveillance of PLAINTIFF'S work, withdrawing approval for outside work, unjustified criticism, written warnings, untruthful and poor work evaluations, denial of wage increases, denial of promotional opportunities, untruthful accusations about PLAINTIFF'S conduct, and other discriminatory and harassing behavior.

10. PLAINIFF made repeated complaints that he was being discriminated against because of his age. His complaints were ignored, and the conduct to which he was subjected was allowed to continue until his termination.

11. On or about August 3, 2007, PLAINTIFF was terminated for reasons that were a pretext and discriminatory because of his age. Substantially younger employees and/or employees who did not complain about age discrimination, and who engaged in the same or similar conduct at PLAINTIFF, were not terminated.

12. The acts of discriminatory conduct described above were the result of a willful or intentional effort on the part of DEFENDANT to discriminate against PLAINTIFF because of his age and to retaliate against him because of his opposition to and complaints about the age discrimination to which he was subjected.

13. DEFENDANT'S conduct was willful, wanton, malicious and in reckless disregard of PLAINTIFF'S rights under the Age Discrimination in Employment Act and the Fair Labor Standards Act.

14. As a direct and proximate result of the discriminatory treatment described above, PLAINTIFF has suffered damages including but not limited to, loss of salary and fringe benefits, including but not limited to, bonuses, pension benefits, health insurance benefits, loss of financial investments and other pecuniary losses.

15.     PLAINIFF has suffered emotional pain and suffering, humiliation, embarrassment, damage to future employment opportunities, and other non-economic losses.

## RELIEF SOUGHT

WHEREFORE, the PLAINTIFF respectfully requests that this Court enter judgment in his favor and against DEFENDANT and provide the following relief:

a. That DEFENDANT, upon a trial by jury, be adjudicated to have violated the ADEA;

b. That PLAINTIFF be reinstated to his former position of employment or, in lieu thereof, be awarded front pay in a fair and reasonable amount;

c. That PLAINTIFF be awarded appropriate damages to compensate him for any and all back pay and benefits, as well as any other pecuniary losses caused by DEFENDANT'S violations of the ADEA;

d. That PLAINTIFF be awarded compensatory damages in an appropriate amount and as allowed by law;

e. That PLAINTIFF be awarded liquidated and/or punitive damages in an appropriate amount and as allowed by law;

f. That PLAINTIFF be awarded prejudgment interest on the above damages;

g. That the Court award PLAINTIFF his reasonable attorneys' fees, costs, and litigation expenses; and

h. That the Court grant such other and further relief as it deems just.

PLAINITFF DEMANDS TRIAL BY JURY.

Dated in Peoria, Illinois, this 18th day of September, 2009.

Respectfully submitted,

BRUCE R. MCCARSON, Plaintiff

By: _s/ Patricia C. Benassi_
    Patricia C. Benassi, Esq., Bar No. 24185
    Athena M. Herman, Esq., Bar No. 94873
    Attorneys for Plaintiff
    BENASSI & BENASSI, P.C.
    300 N.E. Perry Avenue
    Peoria, Illinois 61603
    Telephone: (309) 674-3556
    Facsimile: (309) 674-7989
    Email: patricia@benassi.com
    Email: athena@benassi.com