E-FILED
Tuesday, 20 April, 2010  04:02:56 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| BRUCE R. MCCARSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 09-1314 |
| v. | ) | |
| | ) | Judge Michael M. Mihm |
| TAKEDA PHARMACEUTICALS | ) | |
| NORTH AMERICA, INC., | ) | Magistrate Judge Byron G. Cudmore |
| | ) | |
| Defendant. | ) | |

---

### PLAINTIFF'S MOTION TO COMPEL RULE 26(a)(1) DISCLOSURES, FOR ATTORNEYS' FEES AND COSTS, AND MEMORANDUM IN SUPPORT THEREOF

---

NOW COMES the Plaintiff, Bruce McCarson, by and through his attorneys, Benassi & Benassi, P.C., and hereby moves to compel disclosure of the personal addresses and telephone numbers of individuals identified in Defendant's Rule 26(a)(1) initial disclosures.   In support thereof, Plaintiff states as follows:

### Background

On February 11, 2010, Plaintiff received *via* e-mail Defendant's Initial Disclosures Pursuant to Rule 26(a)(1)[1].  These disclosures failed to provide any telephone number or address for 38 of the 40 individuals identified; merely a business address was provided for two persons. Most importantly, Defendant failed to provide any address or telephone number for the 29

---

[1] Plaintiff received the disclosures via e-mail at 4:53 p.m. on February 11, 2010.  (See Ex. 6) However, Plaintiff was not technically served with the disclosures until April 16, 2010, when they were received *via* mail, which was the manner of service indicated on the Certificate of Service.

people identified who are current or former employees of Defendant.  (See Ex. 1, Defendant's Initial Disclosures Pursuant to Rule 26(a)(1))

Immediately thereafter, Plaintiff's counsel sent Defendant's counsel correspondence identifying this failure and attempting to obtain the information.  (See Ex. 2, P. Benassi letter dated February 12, 2010)   On February 17, 2010, Defendant's counsel responded, and supplemented its disclosures to provide its business address for its current employees, and claimed that Defendant "would not have current addresses of former employees."  (See Ex. 3, L. Smith letter dated February 17, 2010)    Plaintiff's counsel further pursued the issue *via* correspondence dated February 22, 2010.  Therein, she explained that the business address for current employees is insufficient, and that Defendant should disclose the last known address of former employees (and that Defendant's claim that it does not have such information was disingenuous & obstreperous).  (See Ex. 4, P. Benassi letter dated February 22, 2010)

Thereafter, Plaintiff's counsel (Patricia Benassi) spoke with Defendant's counsel (Lee Smith) *via* telephone about the dispute.  Mr. Smith stated that Defendant would not disclose the residential address and telephone number of any current employee, but that he would provide the last known address of former employees, to the extent they are known by Defendant.  Shortly thereafter, on March 3, 2010, Defendant's counsel provided the last known address of four (4) former employees.  (See Ex. 5, L. Smith letter dated March 3, 2010)

Plaintiff's counsel certifies that, pursuant to Rule 37, she has in good faith conferred with Defendant's counsel regarding this dispute in an effort to obtain the lacking information without resorting to court action.

Additionally, Plaintiff's counsel intended to file this motion within 60 days of receiving Defendant's disclosures (i.e., April 12, 2010).  However, unforeseen circumstances prevented

Plaintiff's counsel from doing so. Specifically, on April 8, 2010, Plaintiff's counsel, Patricia Benassi, experienced a severe hemorrhage in her right eye, causing blindness therein. She immediately received medical attention that day and continuously thereafter, culminating in emergency surgery on April 15, 2010, in St. Louis at Barnes Retina Institute. This course of necessary medical treatment prevented Plaintiff's counsel from filing this motion, or a motion for an extension of time to file it, by April 12, 2010. After surgery, Plaintiff's counsel first returned to the office on April 19, 2010, (yesterday) part-time. She remains blind in her right eye (making it extremely difficult to read and write) and working only part-time. Immediately upon her return, Plaintiff's counsel endeavored to expeditiously complete this motion and memorandum. This unexpected medical condition and treatment thereof provides good cause for the delay in the filing of this motion. Further, the delay (1 week) has caused no prejudice to Defendant.

## Argument

### I. Defendant Should Be Compelled to Provide the Address and Telephone Number(s) of Individuals with Discoverable Information.

Rule 26(a)(1)(A)(i)'s mandatory disclosure requirement obligates each party to provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information. . ." Defendant "may not satisfy this obligation by disclosing its business address and phone number, unless it knows of no other address and number." *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D. Kan. 1996)(compelling production of residential address and phone number of defendant's current employees identified in Rule 26(a)(1) disclosures). Instead, each party is required "to make a good faith effort to obtain particularized address and telephone information for individuals relevant to the litigation" *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008)(compelling corporate defendant to provide the home address and phone number for each of its relevant employees);

*Folsom v. Heartland Bank*, 1999 U.S. Dist. LEXIS 7814, *7 (D. Kan. May 14, 1999)("Rule 26(a)(1)(A) contemplates disclosure of the personal address and telephone number of identified individuals.")

For example, in *Thurby v. Encore Receivable Mgmt.*, 251 F.R.D. 620 (D. Colo. 2008), the court found that the defendant did not satisfy its Rule 26(a)(1) initial disclosure obligations when it disclosed employees as potential witnesses, but provided only the business address and telephone number of each. The court compelled disclosure of the personal home address, home telephone number, and cellular phone number (to the extent known) of each of its employees. Cf. *O'Hare v. TRS Recovery Servs.*, 2008 U.S. Dist. LEXIS 102736 (D. Colo. Dec. 9, 2008)(denying defendant's motion for protective order to prohibit disclosure of home phone number and addresses of defendant's employees to plaintiff); *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000)("The requirements of FRCP 26(a)(1)(A) are mandatory and can only be satisfied by production of each individual's address and phone number, not the attorney's address and phone number").

Defendant has not, thus far, explained its failure to provide any telephone number for any witness, or the residential address and personal phone numbers of its current employees. While Defendant has not claimed that the address and phone number(s) of its current employees are unknown, such a claim would be unpersuasive. As these individuals' employer, Defendant should have in its possession the residential address (or last known address) and telephone number (including cell phone number) for each. The eventual production of the address of some former employees (See Ex. 5) demonstrates that such information is likely in Defendant's database.

Further, a claim that a witness should be contacted through Defendant's counsel does not justify withholding the information. Rejecting the argument that a party may refuse to provide the address and telephone information required by Rule 26(a)(1) on this basis, the Court in *Dixon* explained,

> [Defendant] expresses concern that counsel for plaintiff will contact its employees outside its presence. It may not pose its concern as cause to unilaterally disregard its duties of disclosure under Rule 26(a). Nor will the court indulge in speculation that counsel will unethically use the disclosed information. The court expects counsel to abide by the canons of legal ethics. It assumes attorneys will be ethical, absent some evidence to show otherwise.

164 F.R.D. at 689.  See also, *Viveros v. Nationwide Janitorial Ass'n, Inc.*, 200 F.R.D. 681, 684 (N.D. Ga. 2000)(concern that witnesses will be contacted directly will not justify failing to provide individual addresses and phone numbers of witnesses required by Rule 26(a)(1)). Of course, there is no reason to believe that Plaintiff's counsel will violate any ethical rules.

The requested witness information is relevant (or may lead to admissible evidence) regardless of whether Plaintiff's counsel attempts to contact these witnesses. Primarily, the information is needed for purposes of investigating the background, credibility, etc., of these witnesses. Addresses are necessary for most background investigations, including examination of criminal history, relationships with parties and other witnesses, financial circumstances, and other factors which may impact the witness' bias, motivation, truthfulness, etc. For example, in *Estate of Rice ex rel. Garber v. City and County of Denver, Colo.*, 2008 U.S. Dist. LEXIS 42381 (D.Colo. May 27, 2008), the court refused to issue a protective order to keep confidential the personal contact information of individual defendants. The court found that "the personal identifying information at issue here is necessary to allow the plaintiffs to conduct thorough background investigations. . . [and] that such investigations may lead to the discovery of admissible evidence." *Id* at *21.

## II.    Defendant Should Pay Plaintiff's Attorneys' Fees and Costs For Preparing this Motion

Rule 37(c) imposes mandatory sanctions for violations of Rule 26(a).  Plaintiff requests that Defendant be required to pay her attorneys' fees and costs incurred in preparing this motion to compel.  Defendant's refusal to provide the above requested information is not substantially justified; standard research reveals the incorrectness of its refusals.  Defendant should be discouraged from engaging in such obstreperous discovery tactics.  Further, the refusal is not harmless because, in addition to the time and expense necessarily incurred in bringing this motion, Defendant's refusal to provide the sought information has impeded Plaintiff's ability to further investigate.

WHEREFORE, Plaintiff respectfully requests that the Court compel Defendant to provide the current (or last known) residential address, telephone number, and cell phone numbers of individuals identified in its Rule 26(a)(1) initial disclosures, including current or former employees, and order Defendant to pay Plaintiff's attorneys' fees and costs incurred in bringing this motion.

Dated in Peoria, Illinois this 20th day of April 2010.

Respectfully submitted,

BRUCE R. MCCARSON, Plaintiff

By:      s/ Patricia C. Benassi
Patricia C. Benassi, Esq., Bar No. 24185
Athena M. Herman, Esq., Bar No. 94873
Attorneys for Plaintiff
BENASSI & BENASSI, P.C.
300 N.E. Perry Avenue
Peoria, Illinois 61603
Telephone:  (309) 674-3556
Fax:  (309) 674-7989
Email:  patricia@benassi.com
Email:  athena@benassi.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of April 2010, I electronically filed the foregoing Plaintiff's Motion to Compel Rule 26(a)(1) Disclosures, for Attorneys' Fees and Costs, and Memorandum in Support Thereof with the Clerk of the Court using the CM/EFC system. Notification of this filing will be sent electronically from the Clerk of the Court to the following parties of record:

L. Lee Smith, Esq.
Ambrose V. McCall, Esq.
Ronald W. Hasinger, Esq.
Attorney for Defendants
Hinshaw & Culbertson LLP
416 Main Street, 6th Floor
Peoria, Illinois 61602
Telephone:  (309) 674-1025
Facsimile:  (309) 674-9328
Email:  lsmith@hinshawlaw.com
Email:  amccall@hinshawlaw.com
Email:  rhasinger@hinshawlaw.com

and I hereby certify that a copy of the above Motion has been mailed by the United States Postal Service to the following non CM/EFC parties:  None

By:  _____s/ Patricia C. Benassi_____
        Patricia C. Benassi, Esq., Bar No. 24185
        Athena M. Herman, Esq., Bar No. 94873
        Attorneys for Plaintiff
        BENASSI & BENASSI, P.C.
        300 N.E. Perry Avenue
        Peoria, Illinois 61603
        Telephone:  (309) 674-3556
        Facsimile:  (309) 674-7989
        Email:  patricia@benassi.com
        Email:  athena@benassi.com

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

BRUCE R. McCARSON,                          )
                                            )
              Plaintiff,                     )
                                            )      Case No.: 09-1314
v.                                          )
                                            )      Judge: Michael M. Mihm
TAKEDA PHARMACEUTICALS NORTH                )
AMERICA, INC.,                              )
                                            )
              Defendant.                     )

## DEFENDANT'S INITIAL DISCLOSURES PURSUANT TO RULE 26(A)(1)

COMES NOW the Defendant, TAKEDA PHARMACEUTICALS NORTH AMERICA,

INC. ("Takeda"), by and through its attorneys, HINSHAW & CULBERTSON, LLP and makes

the following disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1):

**A.     Individuals likely to have discoverable information:**

**Current or former Takeda employees:**[1]

1.      Christy Schrader, District Manager

2.      Barb Diebold, Regional Sales Director

3.      Bryan Garrett, Regional Sales Director

4.      Rhea Dever, Senior Director of Human Resources and Employee Relations

5.      Laura Wylie, Human Resources Business Partner

6.      Erika Marder, Senior Manager, Talent Planning & Engagement

7.      Cassandra Smith, Regional Human Resources Manager

8.      Susan Wisehart, Senior Regional Human Resources Director

9.      Patrick Quillinan, Senior Security Investigator

The above individuals are believed to have information regarding the job performance
and termination of the plaintiff.

---

[1] Requests to contact current or former employees of the plaintiff should be made through plaintiff's counsel.

80296346v1 9


EXHIBIT
1

10.    Doug Maley, Zone Director

11.    Julie Hart, former Associate General Counsel Employment

The above individuals are believed to have information regarding the decision to terminate the plaintiff.

12.    Casey Ragar, Sales Representative

13.    Adam Connell, former Sales Representative

14.    Jacob Quinton, Senior Sales Representative

15.    Linda Shields, Senior Sales Representative

16.    David Lee, Sales Representative

17.    Kevin Frank, Sales Representative

18.    Sandy Hovey, Territory Manager

19.    Lora Pappas, Senior Sales Representative

20.    Mike Wallace, former Sales Representative

21.    Daniel Streitmatter, Sales Representative

22.    Kelli Plank, former Sales Representative

23.    Julie Heinonen, Senior Sales Representative

24.    Mary Williams, former Sales Representative

25.    Brian Chunn, District Manager

The above individuals are believed to have information regarding the job performance of the plaintiff.

26.    Sean Sullivan, Sales Representative

The above individual is believed to have information regarding the plaintiff's qualifications for being hired into the Takeda Elite Sales Force.

27.    James Brennan, former Director, Ethics and Compliance

28.    Peggy Warner, Senior Manager Compliance International Expansion

The above individuals are believed to have information regarding Takeda OEC compliance training.

29.    Lisa Steiner, Senior Medical Education Specialist

The above individual is believed to have information regarding Co-Genix and Gelco systems.

**Other Individuals:**

30.    Dr. [FNU] Vega, address unknown

31.    Dr. [FNU] Miller, address unknown

The above individuals are believed to have apparent real estate dealing with the plaintiff.

32.    Dr. [FNU] Chang, address unknown, Speaker at Speaker Presentation

33.    Dr. Terry Meriden, 900 Main St., Peoria, Illinois, Speaker requirements information

34.    Bruce Hilst, address unknown

The above individual is believed to have information regarding the plaintiff's location at a construction site during work hours.

35.    Kelly LNU (Dr. Cohen's nurse who attended speaker program)

36.    Theresa LNU (Dr. Connor's nurse who attended speaker program)

37.    Crystall LNU (Dr. Connor's nurse who attended speaker program)

38.    Rachael LNU (Manager, Basta Restaurant, 4538 Prospect Ave., Peoria Heights, Illinois)

The above individuals are believed to have information regarding the speaker program with Dr. Chang.

39.    Brenda McCarson, address unknown

The above individual is believed to have information regarding the plaintiff's real estate dealings.

40.    Shirley Gregorczyk, LMS Consultant

The above individual is believed to have information regarding Takeda OEC compliance training.

The defendant reserves the right to identify additional persons likely to possess discoverable information as it learns of any such additional persons.

**B.**    **Documents in support of claims or defenses:**

1.    August 3, 2008 Takeda position letter from Sonali Das to Karen Lanners of EEOC

2.    Takeda Pharmaceuticals North America, Inc. EEO/ Affirmative Action Policy (Exhibit A to Takeda position letter)

3.    Takeda Business Meals Policy (Exhibit B to Takeda position letter)

4.    Takeda Code of Conduct Section on Accuracy and Integrity of Books and Records (Exhibit C to Takeda position letter)

5.    Voluntary Statement of Bruce McCarson, dated March 22, 2007 (Exhibit D to Takeda position letter)

6.    Bruce McCarson FY 2006 Field Sales Performance Appraisal Form for review period 4/1/2006 – 3/31/2007 (Exhibit E to Takeda position letter)

7.    Takeda Job Posting and Internal Transfer Policy (Exhibit F to Takeda position letter)

8.    Voluntary Statement of Bruce McCarson, dated August 1, 2007 (Exhibit G to Takeda position letter)

9.    Takeda District Trainer Roles and Responsibilities Overview

10.    Warning Memorandum to Bruce McCarson from Christy Schrader dated January 5, 2006, regarding Takeda's Secondary/Outside Employment Policy

11.    Email from Bryan Garrett to multiple recipients dated January 17, 2007, regarding Bruce McCarson; email from Bruce McCarson to Bryan Garrett dated January 17, 2007, regarding Bruce McCarson

12.    Letter from Debra Hughes To Whom it May Concern verifying that Bruce McCarson terminated his membership with the Peoria Area Association of Realtors

13.    Takeda Field Contact Log Dated 10/17/2006, District Manager Christy Schrader and Sales Representative Bruce McCarson

14.    Summary of Bruce McCarson Performance Issues prepared by Christ Schrader

15.    Takeda FY2006 Manager Monthly Activity Report

16.    Synopsis of Bruce McCarson Interview Notes, including handwritten notes, dated August 1, 2007

17.    Email from Bruce McCarson to Laura Wylie, dated November 12, 2007, requesting items from personnel file relating to his August 3, 2007, dismissal

18.    Email from Bruce McCarson to Laura Wylie dated August 20, 2007, checking final pay status and requesting copy of employee file; Reply email from Laura Wylie dated August 20, 2007

19.    Email from Bruce McCarson to Laura Wylie dated November 7, 2007, regarding Christy Schrader

20.    Takeda Field Contact Log Dated 9/7/2006, District Manager Christy Schrader and Sales Representative Bruce McCarson

21.    Email from Patrick Quillinan to Lisa Steiner dated August 1, 2007, regarding Bruce McCarson and the Cogenix system

22.    Email from Laura Wylie to Christy Schrader and Barbara Diebold dated August 1, 2007, regarding the suspension with pay of Bruce McCarson

23.    Email from Shirley Gregorczyk to Laura Wylie dated July 6, 2007, regarding OEC compliance training for dinner programs; Email from Laura Wylie to James Brennan and Peggy Wagner dated July 6, 2007, regarding content of OEC on-line training

24.    Email from Christy Schrader to multiple recipients dated June 29, 2007, regarding Bruce McCarson's compliance completion of November 14, 2006

25.    Email from Laura Wylie to James Brennan and Peggy Wagner dated June 29, 2007, regarding content of OEC on-line training

26.    Email from Christy Schrader to Barbara Diebold and Laura Wylie dated May 7, 2007, informing recipients that Bruce McCarson will not be selected to position of district trainer; Email from Bruce McCarson to Christy Schrader dated May 4, 2007, stating his desire to be considered for the district trainer position

27.    Email from Bruce McCarson to Christy Schrader dated April 22, 2007, stating that he decided to apply for the Elite Peoria/Davenport position

28.    Email from Bruce McCarson to Christy Schrader dated April 2, 2007, regarding action required: 2007 speaker requirements; Email from Christy Schrader to Bruce McCarson dated April 1, 2007, re: Action required: 2007 speaker requirements; Email from Christy Schrader to DCC QXJ Dist Peoria, IL dated March 14, 2007, re: action required: 2007 speaker requirements; Email from **Ask Marketing to DCC All Sales dated March 5, 2007, re: 2007 speaker requirements – no action required; Email from Bruce McCarson to Christy Schrader dated April 2, 2007, re: Bruce's Field Contact Log

29.    Email from Patrick Quillinan to Laura Wylie dated March 22, 2007, regarding follow-up to today's interview

30.  Email from Christy Schrader to Laura Wylie dated March 23, 2007, regarding Medicare Part D review; Email from Christy Schrader to Bruce McCarson dated January 23, 2007, regarding Medicare Part D review; Email from Christy Schrader to Bruce McCarson dated September 27, 2006, regarding Medicare Part D review

31.  Email from Christy Schrader to Laura Wylie dated March 23, 2007, regarding Chang program; Email from Christy Schrader to Bruce McCarson dated January 23, 2007, regarding Chang program

32.  Email from Bryan Garrett to multiple recipients dated January 17, 2007, regarding Bruce McCarson; Email from Bruce McCarson to Bryan Garrett dated January 17, 2007, regarding Bruce McCarson

33.  Email from Christy Schrader to Laura Wylie dated December 19, 2006, regarding Bruce MCC 12-15-2006; Email from Laura Wylie to multiple recipients regarding Bruce MCC 12-15-2006; Email from Christy Schrader to Laura Wylie dated December 14, 2006, regarding Bruce MCC 12-15-2006

34.  Email from Laura Wylie to Christy Schrader dated December 14, 2006, regarding Bruce M AP template

35.  Email from Bryan Garrett to Laura Wylie dated December 7, 2006, regarding fyi; Email from Christy Schrader to Bryan Garrett dated December 7, 2006, regarding fyi

36.  Resume of Robert Chartier

37.  Resume of Alexis Cour

38.  Resume of Julie Giacomini

39.  Field sales new hire checklist for Daniel Streitmatter

40.  Employment application of Stephen Unes

41.  Employment application of Amy Manner

42.  Employment application of Thomas Rickey

43.  Employment application of Lynn VanNorman

44.  Employment application of Jeffrey Mowbray

45.  Employment application of Robert Schwier

46.  Employment application of Ryan Donnelly

47.  Employment application of Darcy Nelson

48.     Employment application of Kimberly Jockisch

49.     Employment application of Daniel Streitmatter

50.     Applicant tracking checklist

51.     Email from Christy Schrader to Barbara Diebold and Laura Wylie dated June 18,
        2007, regarding Bruce McCarson exceeding guidelines; Email from
        takedaprograms@cogenixdirect.com to Bruce McCarson dated June 13, 2007,
        regarding action required exceeding guidelines

52.     Email from Christy Schrader to Laura Wylie dated November 30, 2006, regarding
        Bruce McCarson, Canton, IL

53.     Email from Christy Schrader to Laura Wylie dated November 29, 2006, regarding
        conference call; Email from Christy Schrader to Bruce McCarson dated August 8,
        2006, regarding Today

54.     Email from Christy Schrader to Laura Wylie dated November 29, 2006, regarding
        conference call tardiness

55.     Email from Christy Schrader to Laura Wylie dated December 20, 2006, regarding
        BM conference call

56.     Email from Laura Wylie to multiple recipients dated August 1, 2007, regarding
        Bruce M., suspension with pay

57.     Email from Christy Schrader to Laura Wylie dated November 29, 2006 regarding
        BM conversation; Email from Christy Schrader to Laura Wylie regarding BM
        conversation

58.     Email from Christy Schrader to multiple recipients dated June 29, 2007, regarding
        Bruce's compliance 2006; Email from Bruce McCarson to Christy Schrader dated
        November 14, 2006, regarding Bruce's compliance 2006; Email from Christy
        Schrader to Laura Wylie dated March 23, 2007, regarding Chang program; Email
        from Christy Schrader to Bruce McCarson dated January 23, 2007, regarding
        Chang program; Email from Christy Schrader to Laura Wylie dated December 19,
        2006, regarding Bruce MCC 12-15-2006; Email from Laura Wylie to multiple
        recipients dated December 14, 2006, regarding Bruce MCC 12-15-2006; Email
        from Christy Schrader to Laura Wylie dated December 14, 2006, regarding Bruce
        MCC 12-15-2006; Email from Christy Schrader to multiple recipients dated May
        7, 2007, regarding district trainer; Email from Bruce McCarson to Christy
        Schrader dated May 4, 2007, regarding district trainer; Email from Christy
        Schrader to Laura Wylie dated November 29, 2006, regarding Friday; Email from
        Christy Schrader to Bruce McCarson dated September 11, 2006, regarding Friday

59.     Email from Barbara Diebold to Laura Wylie dated June 18, 2007, regarding action
        required -- exceeding guidelines; Email from Christy Schrader to Barbara Diebold

dated June 18, 2007, regarding action required – exceeding guidelines; Email from takedaprograms@cogenixdirect.com to Bruce McCarson dated June 13, 2007, regarding action required – exceeding guidelines

60. Email from Christy Schrader to multiple recipients dated June 29, 2007, regarding Program A00000045; Email from Lisa Steiner to Christy Schrader dated June 29, 2007, regarding Program A00000045

61. Email from Christy Schrader to Laura Wylie dated November 29, 2006, regarding Monday lunch meeting cancellation; Email from Bruce McCarson to Christy Schrader dated November 28, 2006, regarding Monday lunch meeting cancellation

62. Email from Christy Schrader to Laura Wylie dated December 7, 2006, regarding lunches

63. Email from Christy Schrader to multiple recipients dated June 27, 2007, regarding speaker program checklist; Email from Christy Schrader to dccqmidwestdm dated April 17, 2007, regarding speaker program checklist; Email from Sandy Hovey to DccQxjDistPeoriaIllinois regarding speaker program checklist

64. Email from Laura Wylie to James Brennan and Peggy Wagner dated June 29, 2007, regarding OEC compliance training for dinner programs – sales reps

65. Email from Laura Wylie to multiple recipients dated December 3, 2006, regarding Bruce McCarson, Canton, Illinois; Email from Christy Schrader to Laura Wylie dated November 30, 2006, regarding Bruce McCarson Canton, IL

66. Email from Shirley Gregorczyk to Laura Wiley dated July 6, 2007, regarding OEC compliance training for dinner programs – sales reps; Email from Laura Wiley to Shirely Gregorczyk dated July 6, 2007, regarding OEC compliance training for dinner program – sales reps; Email from Laura Wiley to James Brennan and Peggy Wagner dated June 29, 2007, regarding OEC compliance training for dinner programs – sales reps

67. Email from Christy Schrader to Bruce McCarson dated April 22, 2007, regarding Elite Peoria/Davenport; Email from Bruce McCarson to Christy Schrader dated April 22, 2007, regarding Elite Peoria/Davenport

68. Email from Laura Wylie to Bruce McCarson dated August 20, 2007, regarding Bruce McCarson

69. Email from Patrick Quillinan to Laura Wylie dated August 1, 2007, regarding synopsis of Bruce McCarson interview notes

70. Summary of Bruce McCarson's secondary employment issues prepared by Christy Schrader

71.  Document of Casandra Smith dated January 25, 2007, regarding anonymous letter received about Christy Schrader

72.  Email from Casandra Smith to multiple recipients dated February 26, 2007, regarding district roster; Email from Christy Schrader to multiple recipients dated February 26, 2007, regarding district roster; Email from Bruce McCarson to Christy Schrader dated February 22, 2007, regarding district roster; Email from Christy Schrader to Bruce McCarson dated February 21, 2007, regarding district roster; Email from Casey Ragar to DCC QXJ Dist Peoria, IL dated February 19, 2007, regarding district roster

73.  Handwritten notes of Casandra Smith dated February 23, 2007, regarding Christy Schrader and Bruce McCarson

74.  Handwritten notes dated February 28, 2007, regarding Bruce McCarson

75.  Document of Casandra Smith concerning phone discussion of February 9, 2007, with Bruce McCarson

76.  Warning memorandum of January 5, 2007, from Christy Schrader to Bruce McCarson signed by Bruce McCarson on January 5, 2006

77.  Email from Christy Schrader to Barb Diebold dated February 1, 2007, regarding Farmington Illinois 2-1-2007

78.  Email from Christy Schrader to Barb Diebold dated February 2, 2007, regarding BM follow-up 2-2-2007

79.  Handwritten notes of Laura Wylie dated January 29, 2007, regarding Bruce McCarson

80.  Summary of Casandra Smith's conversation with Bruce McCarson on Tuesday, January 30, 2007, regarding Christy Schrader

81.  Email from Laura Wylie to multiple recipients dated December 3, 2006, regarding Bruce McCarson, Canton, Illinois; Email from Christy Schrader to Laura Wylie dated November 30, 2006, regarding Bruce McCarson Canton Illinois

82.  Handwritten notes of Laura Wylie dated 11/29/06

83.  Undated letter from Bruce McCarson to Christy Schrader regarding secondary employment; Email from Christy Schrader to multiple recipients dated May 7, outside employment letter; Email from Bruce McCarson to Christy Schrader dated May 5, 2006, regarding outside employment for Bruce McCarson

84.  Letter from Takeda to Bruce McCarson dated August 17, 2007

85.  Personnel change notice for Bruce McCarson dated August 6, 2007

86.   2005 Compensation Review for Bruce McCarson

87.   2004 Compensation Review for Bruce McCarson

88.   2003 Compensation Review for Bruce McCarson

89.   Memorandum from Kim Norwesh to Vince Hilst dated September 29, 2003, regarding senior sales representative promotion of Bruce McCarson

90.   2003 Compensation Review for Bruce McCarson

91.   2002 Salary Review for Bruce McCarson

92.   Personnel Change Notice Form for Bruce McCarson dated July 29, 2002

93.   Personnel Change Notice Form for Bruce McCarson dated July 2, 2002

94.   Personnel Change Notice Form for Bruce McCarson dated January 10, 2002

95.   Personnel Change Notice Form for Bruce McCarson dated December 18, 2001

96.   2001 Salary Review for Bruce McCarson

97.   Employee policy manual and travel and business expense policy acknowledgment and agreement regarding electronic communications signed by Bruce McCarson on March 6, 2006

98.   Code of Conduct Employee Certification signed by Bruce McCarson on January 20, 2006

99.   Professional Conduct and Prohibition Against Harassment Acknowledgment signed by Bruce McCarson May 17, 2005

100.   Compliance Guidelines Employee Certification signed by Bruce McCarson on April 14, 2005

101.   Disclosure signed by Bruce McCarson dated September 27, 2004

102.   Release and Authorization signed by Bruce McCarson September 27, 2004

103.   Code of Conduct Employee Certification signed by Bruce McCarson on July 22, 2004

104.   Completion Certificate Code of Conduct for Bruce McCarson dated July 27, 2004

105.   Compliance Guidelines Employee Certification signed by Bruce McCarson dated October 15, 2003

106. Employee Policy and Expense Policy Acknowledgment and Agreement regarding electronic communications signed by Bruce McCarson on September 15, 2003

107. Code of Conduct Employee Certification signed by Bruce McCarson on June 18, 2003

108. Code of Conduct Compliance Initial Certification – Current Employees signed by Bruce McCarson February 21, 2002

109. Compliance Guidelines Initial Certification – Current Employees signed by Bruce McCarson on November 8, 2001

110. Takeda Confidentiality, Intellectual Property and Non-competition Agreement dated August 20, 2000 and signed by Bruce McCarson on August 20, 2000

111. Letter from Takeda offering Bruce McCarson employment dated August 18, 2000

112. Offer letter information for Bruce McCarson

113. Resume of Bruce McCarson

114. Pre-employment  Release and Authorization of Bruce McCarson signed June 19, 2000

115. Disclosure signed by Bruce McCarson on June 19, 2000

116. Employment Application of Bruce McCarson dated June 19, 2000

117. Personnel File Access Request signed by Bruce McCarson on August 20, 2007

118. Handwritten notes of Laura Wylie dated August 3, 2007

119. Handwritten notes of Laura Wylie dated August 1, 2007, regarding Bruce McCarson

120. List of those involved in decision to terminate Bruce McCarson; and script for August 3, 2007, discussion with Bruce McCarson, Barb Diebold and Laura Wylie

121. Synopsis of Bruce McCarson interview notes dated August 1, 2007

122. Email from Christy Schrader to Laura Wylie dated March 23, 2007, regarding Chang Program

123. General profile application of Bruce McCarson dated June 20, 2003

124. General profile application of Bruce McCarson dated August 11, 2005

125. General profile application of Dan Streitmatter dated October 12, 2007

126.  Documents pertaining to sales representative position in Peoria, Illinois, with Takeda

127.  2006 Performance Appraisal of Bruce McCarson

128.  2005 Performance Appraisal of Bruce McCarson

129.  2003 Performance Appraisal of Bruce McCarson

130.  Nomination Form for position of Senior Representative for Bruce McCarson dated June 20, 2003

131.  2002 Performance Appraisal of Bruce McCarson

132.  2001 Performance Self-Appraisal of Bruce McCarson

133.  2000 Performance Appraisal of Bruce McCarson

134.  Casandra Smith summary of conversation with Brian Chunn on Thursday, February 8, 2007

135.  Casandra Smith's summary of her conversation with Bruce McCarson on Tuesday, January 30, 2007, regarding Christy Schrader

136.  Handwritten notes of Laura Wylie dated December 14, 2007, regarding Christy Schrader

137.  Email from Laura Wylie to Sonali Das dated December 4, 2007, regarding district trainer; Email from Christy Schrader to Barbara Diebold and Laura Wylie dated May 7, 2007, regarding district trainer; Email from Bruce McCarson dated May 4, 2007, to Christy Schrader regarding district trainer

138.  Handwritten notes dated December 5, 2007, author unknown, Laura Wylie/Christy Schrader conversation

139.  LDI Candidates Selection Criteria

140.  Brochure for the Leadership Development Initiative at Takeda 2007

141.  LDI Program overview slides

142.  2006 Performance Appraisal Ratings Analysis Tool for Diabetes Sales Force for Casey Ragar, Sandy Hovey, Bruce McCarson, Adam Connell, Kevin Frank, Linda Shields, Lora Pappas, Jacob Quinton, Mike Wallace and David Lee

143.  Organization roster

144.  Takeda Cresset Premier/Select Sales Representative Ranking Report, June 2005

145.  Takeda Cresset Premier/Select Sales Representative Ranking Report, June 2006

146.  Takeda Cresset Premier/Select Sales Representative Ranking Report, June 2007

147.  Email from Christy Schrader to Laura Wylie dated November 29, 2006, regarding BM conversation; Email from Christy Schrader to Christy Schrader dated October 2, 2006, regarding BM conversation

148.  Summary of Bruce McCarson performance issues prepared by Christy Schrader, with handwritten notes

149.  Investigation report of Patrick Quillinan dated August 21, 2007

150.  Handwritten notes of Laura Wylie dated 11-29-2006

151.  Handwritten notes of Casandra Smith, undated

152.  Handwritten note from Casandra Smith dated February 23, 2007, concerning Christy Schrader and Bruce McCarson

153.  Investigation Report of Patrick Quillinan dated September 5, 2007

154.  Handwritten notes of Laura Wylie dated August 1, 2007, regarding Bruce McCarson

155.  Communication from Bruce McCarson to Christy Schrader regarding secondary/outside employment undated

156.  Handwritten note of Casandra Smith dated 1-26-07

157.  Email from Christy Schrader to Laura Wylie dated December 20, 2006, regarding BM conference call

158.  Communication from Casandra Smith dated Thursday, January 25, 2007, regarding Christy Schrader and Bruce McCarson

159.  Anonymous letter dated January 17, 2007, to Barb at Takeda from a concerned Takeda team member

160.  Summary of Casandra Smith's conversation on Tuesday, January 30, 2007, regarding Christy Schrader

161.  Emails from Christy Schrader dated August 8, 2006 and November 29, 2006, regarding Bruce McCarson's conference call tardiness

162.  Casandra Smith's summary of conversation with Brian Chunn on February 8, 2007

163.    Email from Bruce McCarson dated May 4, 2007, indicating interest in District Trainer position, and Email from Christy Schrader dated May 7, 2007, with her reasons for not selecting Bruce McCarson for the District Trainer position

Investigation continues.

**C.    Computation of Damages:**

Not applicable.

**D.    Any insurance agreement available to satisfy a judgment:**

AIU Holdings, Inc., Illinois National Insurance Company, Policy No. 966-86-97, effective March 1, 2007 to March 1, 2008.

Respectfully submitted,

/s Smith -

L. Lee Smith
Ambrose V. McCall
Ronald W. Hasinger
HINSHAW & CULBERTSON LLP
416 Main Street, 6th Floor
Peoria, IL 61602
Telephone: 309-674-1025
Facsimile: 309-674-9328
lsmith@hinshawlaw.com
amccall@hinshawlaw.com
rhasinger@hinshawlaw.com

Attorneys for Defendant,
TAKEDA PHARMACEUTICALS NORTH
AMERICA, INC.,

80296346v1 905834 62106 80296346-1

## CERTIFICATE OF SERVICE

The undersigned certifies that on February ___ , 2010, a copy of the foregoing document was served upon the following counsel by:

___ Enclosing it in an envelope, properly addressed as indicated below, with first-class postage prepaid at Peoria, Illinois;

_____ Facsimile transmission;

_____ Personal service


Patricia Benassi
Athena Herman
BENASSI & BENASSI, P.C.
300 NE Perry Avenue
Peoria, IL  61603


/s Smith

BENASSI & BENASSI, P.C.
Attorneys at Law

A. Lou Benassi
Patricia C. Benassi
Athena M. Herman

February 12, 2010

*Via Email and Regular Mail*

L. Lee Smith
Hinshaw & Culbertson, LLP
416 Main St., 6th Floor
Peoria, IL 61602

Re:     *Bruce R. McCarson v. Takeda Pharmaceuticals North America, Inc.*
        Case No. 09-1314

Dear Lee:

Defendant's Rule 26 (a)(1) Initial Disclosures are insufficient.  Rule 26(a)(A)(i) requires that Defendant provide the address and telephone numbers of each person identified as likely to have discoverable information.  You have not done so.  Your footnote that requests to contact former or current employees should be made through "Plaintiff's counsel" [sic] is legally unsupported and not a sufficient reason for refusing to provide addresses and telephone numbers.  *See Dixon v. Certaineed Corp.*, 164 F.R.D. 685, 689 (D. Kan. 1996).

Please provide this information immediately.  Failure to do so will delay our ability to prepare our case.

Very truly yours,

/s Benassi

Patricia C. Benassi

PCB/lam

**EXHIBIT**
_2_



# HINSHAW

& CULBERTSON LLP

**ATTORNEYS AT LAW**
416 Main Street
6th Floor
Peoria, IL 61602-3126

309-674-1025
309-674-9328 (fax)
www.hinshawlaw.com

February 17, 2010

**VIA E-MAIL & REGULAR MAIL**

Ms. Patricia C. Benassi
Benassi & Benassi, P.C.
300 NE Perry Avenue
Peoria, IL  61603

> Re:  *Bruce McCarson v. Takeda Pharmaceuticals North America, Inc.*
>       C.D. Ill. Case No. 09-1314

Dear Patricia:

I have reviewed your February 12, 2010, letter regarding our Rule 26 disclosures.  You are correct that we are obligated to provide addresses for the persons possessing discoverable information.  The business address for the current Takeda corporate employees we identified is One Takeda Parkway, Deerfield, Illinois.  Takeda would not have current addresses of former employees.

I am unsure if I fully understand your February 5, 2010, letter regarding the preservation of electronic evidence.  For example, you request in Section 1 of the letter preservation of all e-mail "sent or received by Mr. McCarson or Defendant," "all word processing files and file fragments containing information about Mr. McCarson or Defendant," and for good measure "all other electronic data containing information about Mr. McCarson or the Defendant."  The use of the word "or" seems to indicate that you request Takeda not purge any electronically stored information that refers to the company, whether or not it had any connection to Mr. McCarson or this litigation.  I doubt this was your intent, but in view of our differing perspectives on the proper scope of discovery, I may be mistaken.

In any event I can inform you that a litigation hold has been placed on various electronically stored information and Takeda personnel were given the following instructions:

• **For paper materials, documents, information, and other tangible things, that are records as defined by Takeda's Records Retention Schedules, you are required to retain such materials in your department.**

• **For documents, materials, and information recorded on disposable electronic storage media, such as floppy discs, CDs, video or any other portable medium, that are records as defined by Takeda's Records Retention Schedules, you are also reminded to retain such material in your department.**

> **EXHIBIT**
>
> 3

Ms. Patricia C. Benassi
February 17, 2010
Page 2

- **For electronic information, documents, and materials in Takeda's electronic information management systems, including electronic materials saved in your desktop computer, you are reminded that this material may NOT be deleted under any circumstances. You are also instructed that e-mails and their attachments should be reviewed and organized into the appropriate "Record" or "Legal Hold" folder as appropriate.**

**FOR MATERIALS THAT ARE NOT RECORDS:**

- **For paper materials, documents, information, and other tangible things, and documents, materials, and information recorded on disposable electronic storage media, such as floppy discs, CDs, video or any other portable medium, that are NOT RECORDS as defined by Takeda's Records Retention Schedules, you must ensure that such materials are retained by placing such materials into boxes that are available for the retention of Legal Hold materials, <u>to the extent that you do not retain such materials in your business files for business reference purposes</u>. With respect to materials that are exact duplicates, as, for example, multiple photocopies that have not been annotated, only one such copy need be retained. Contact Records Management to obtain the necessary supplies.**

- **For electronic information, documents, and materials in Takeda's electronic information management systems, including electronic materials saved in your desktop computer, you are reminded that this material may NOT be deleted under any circumstances. You are also instructed that e-mails and their attachments should be reviewed and organized into the appropriate "Record" or "Legal Hold" folder as appropriate.**

**GENERAL: To the extent that material exists both electronically and in paper format, the electronic material must be retained, and the paper copy must also be retained to the extent that it is not an exact printout of an electronic document.**

**Any records fitting the classifications set forth above that have been placed into off-site storage are also not to be destroyed at any time.**

I trust that this litigation hold is sufficient. Please inform me if you think otherwise.

Very truly yours,

HINSHAW & CULBERTSON LLP

/s Smith

L. Lee Smith
309-999-9899
lsmith@hinshawlaw.com

LLS:cb

BENASSI & BENASSI, P.C.
Attorneys at Law

A. Lou Benassi
Patricia C. Benassi
Athena M. Herman

February 22, 2010

*Via Email and Regular Mail*

L. Lee Smith
Hinshaw & Culbertson, LLP
416 Main St., 6th Floor
Peoria, IL  61602

        Re:    *Bruce R. McCarson v. Takeda Pharmaceuticals North America, Inc.*
                Case No. 09-1314

Dear Lee:

This letter is in response to yours of February 17, 2010.  Since we have not had this problem before in other cases, I assume it is your client who is directing this obstreperous tactic.

The business address for current Takeda employees is insufficient.  The law is abundantly clear that Plaintiff is not obligated to contact all current employees through counsel. Further, even if contact of particular supervisory personnel through counsel is appropriate, Defendant is still obligated to provide the home address of those individuals. (See Plaintiff's previously cited authority.)

Additionally, your statement that Takeda "would not have current addresses of former employees" does not excuse Defendant's failure to provide (or even attempt to provide) the requested information.  Surely Defendant possesses the last known address of its former employees.  If Defendant is being genuine about this lack of information, we expect that it will be unable to call any of these identified persons as witnesses, and will move to bar Defendant's use of any of these witnesses for any purpose.  Regardless, Defendant's claim that it does not have this information is disingenuous, obstreperous and sanctionable.



EXHIBIT
4

301 Northeast Perry Avenue • Peoria, Illinois 61603 • Phone (309) 674-3336 • Fax: (309) 674-7989 • Website: www.Benassi.com

L. Lee Smith
February 22, 2010
Page 2

BENASSI & BENASSI, P.C.
Attorneys at Law

If Defendant does not provide the last known address and phone number of all witnesses identified in its Rule 26(a)(1) disclosures, we will file a motion to compel, including a request for attorneys' fees and sanctions. Please advise if this is necessary.

Very truly yours,

/s Benassi

Patricia C. Benassi

PCB/lam



**HINSHAW**
& CULBERTSON LLP

**ATTORNEYS AT LAW**
416 Main Street
6th Floor
Peoria, IL 61602-3126

309-674-1025
309-674-9328 (fax)
www.hinshawlaw.com

March 3, 2010

**VIA E-MAIL & REGULAR MAIL**
Ms. Patricia C. Benassi
Benassi & Benassi, P.C.
300 NE Perry Avenue
Peoria, IL 61603

     Re:    *Bruce McCarson v. Takeda Pharmaceuticals North America, Inc.*
             C.D. Ill. Case No. 09-1314

Dear Patricia:

    As I previously indicated, I am providing the last known addresses of the former employees identified in our Rule 26 disclosures.

        1.     Mike Wallace,            r., Fairview Heights, IL 62208

        2.     Mary Williams,          t., Galesburg, IL 61401

        3.     Julie Hart,                e., Chicago, IL 60625

        4.     James Brennan, :          ., Wheaton, IL 60188

    The addresses for Adam Connell and Kelli Plank do not appear in Takeda's database. We will inquire further.

                  Very truly yours,

                  HINSHAW & CULBERTSON LLP

                  s/ Smith.

                  L. Lee Smith
                  309-999-9899
                  lsmith@hinshawlaw.com

LLS:cb

> **EXHIBIT**
> 5

80298384v1  905834  62106

Arizona   California   Florida   Illinois   Indiana   Massachusetts   Minnesota   Missouri   New York   Oregon   Rhode Island   Wisconsin

**Lori Maurer**

| | |
|---|---|
| **From:** | cbogner@hinshawlaw.com |
| **Sent:** | Thursday, February 11, 2010 4:53 PM |
| **To:** | lori@benassi.com |
| **Cc:** | lsmith@hinshawlaw.com; RHasinger@hinshawlaw.com; kpendry@hinshawlaw.com; jharbison@hinshawlaw.com |
| **Subject:** | McCarson v. Takeda Pharmaceuticals North America, Inc. |

Attached please find correspondence from Attorney Smith regarding the above-referenced matter.




Carin Bogner
Secretary to L. Lee Smith
(309) 674-1025

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.



EXHIBIT

6